UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-08330-HDV (SKx)                              Date: May 14, 2025

Title        These Ponies Are Miserable et al v. City of Los Angeles et al

Present: The Honorable:  Steve Kim, United States Magistrate Judge

|  |  |
|---|---|
| Connie Chung | CS 05/14/25 |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Jerold Friedman | Joseph Persoff<br>Carr Tekosky |

**Proceedings:**       **DEFENDANTS' MOTION FOR SANCTIONS (ECF 77)**

Hearing held by Zoom videoconference.  Case called.  Counsel state their appearances for the record.  The parties are reminded that recording, streaming, broadcasting, or screen capturing of any kind is prohibited, and that sanctions may be imposed for those found in violation.

The Court confers with counsel and hears oral argument.  The Court finds that inadequacies and untimeliness of plaintiffs' interrogatory responses, which are the subject of the City's motion for sanctions, do not—for those deficiencies alone—justify monetary sanctions.  However, the Court reserves the possibility of sanctions after inviting and hearing the City's arguments for overarching discovery disputes that remain in the background to ensure that the parties can complete fact discovery under existing deadlines.  The City raises a set of ongoing or new issues, on which the Court hears argument from both sides and rules as follows:

1.       The City should contact counsel James Frieden who has been retained to represent nonparty Ms. Fahim and who should accept service of the City's nonparty subpoena for documents or deposition.

2.       For plaintiffs' failure to disclose nonparty witness Delia Ayala in their initial disclosures, the Court orders—and plaintiffs' counsel accepts—the exclusion of Ms. Ayala as a witness at trial.  Any information the City has obtained from Ms. Ayala thus far may still be used, but there is no need to pursue any more information from her.

3.       For texts, emails, and other documents that plaintiffs disclosed late after three of plaintiffs' depositions had started, the City may re-notice the prior depositions

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 23-08330-HDV (SKx) | Date: May 14, 2025 |
| Title   These Ponies Are Miserable et al v. City of Los Angeles et al | |

after reviewing the late-produced documents.  The Court expects that the parties will also reschedule any upcoming depositions as needed to accommodate that document review.  The City should start by using any remaining allotted deposition time, but may seek additional time beyond the 7 hours per witness, which the Court is inclined to grant if justified and reasonable.  Meanwhile, plaintiffs may be responsible for any additional marginal costs beyond what the City would have incurred anyway for 7 hours of deposition testimony per witness as a compensatory sanction.

4.      Plaintiffs must serve a corrected and amended privilege log by Friday, May 23, 2025 close of business, consistent with the Court's guidance and applicable law.

5.      The Court has inadequate information to decide what, if any, possible privilege might attach to the Signal Group Chats created by plaintiffs for use in this lawsuit, but plaintiffs' claim of a blanket privilege over all those Chats cannot be correct under any privilege theory.  The same is true for any fact work product—like notes plaintiffs may have made under direction of counsel—which are only conditionally protected, not absolutely protected.

6.      Plaintiffs have until May 28, 2025 (2 weeks) to fully comply with the Court's prior order regarding preservation, collection, search, review, and production of responsive information from plaintiffs' relevant social media accounts, which compliance must include amended responses to document requests and supplemental productions of responsive materials by the two-week deadline.

7.      The Court acknowledges potential spoliation issues with the apparent loss/failure to preserve/destruction of pre-lawsuit Signal Group Chats between and among not just plaintiffs but other nonparties to the lawsuit because of the default auto-deletion setting for the Signal application.  But further predicate facts would have to be developed—by both sides—if the City believes that evidence spoliation is significant enough to warrant litigation and requests for sanctions under the Federal Rules.  The City could fold into this issue the apparent destruction of some signage, but the Court observes that there is likely little probative value in that destruction—standing alone.  The Court neither encourages nor discourages litigation over this issue but reminds parties that it sees no cause based on existing facts for an extension of the fact discovery cutoff based on this issue (or any other issues discussed during the hearing).

8.      For the various discovery lapses and violations found during hearing, the Court conditionally awards the City monetary sanctions in the amount of $4,500 (payable jointly and severally by plaintiffs themselves).  After the deadline for disclosure of supplemental responses and productions of the social media account, the parties are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-08330-HDV (SKx)                                    Date: May 14, 2025

Title      These Ponies Are Miserable et al v. City of Los Angeles et al

to file a joint status report so that the Court can render a final ruling on the $4,500 sanctions, which will be vacated if plaintiffs comply fully with the orders issued during the hearing and meet the required deadlines.  Meanwhile, plaintiffs and their counsel are notified that any future inexcusable discovery violations may be sanctioned at $250 per plaintiff per violation and ordered payable by plaintiffs, plaintiffs' counsel, or all of them depending on the nature, scope, and effect of violations.

9.      If necessary, counsel may employ—judiciously—the Court's IDC procedures for discrete disputes amendable to quick informal resolution, including simple disputes arising from depositions.

|  | 02:05 |
|---|---|
| **Initials** of Preparer | CC |