HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
CARR A. TEKOSKY, Deputy City Attorney (SBN 293767)
JOSEPH S. PERSOFF, Deputy City Attorney (SBN 307986)
200 North Main Street, Room 675
Los Angeles, California 90012
Tel: (213) 978-7560
Fax: (213) 978-7011
E-mail:  joseph.persoff@lacity.org; carr.tekosky@lacity.org

*Attorneys for Defendants*
**CITY OF LOS ANGELES, et al.**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THESE PONIES ARE MISERABLE, an unincorporated association, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.<br><br>Defendants. | **CASE NO.:** 2:23-cv-8330<br>Related to Case No.: 2:21-cv-09653<br><br>**DECLARATION OF JOSEPH PERSOFF IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**<br><br>[Filed concurrently with Notice of Motion; Memorandum of Points and Authorities; Stipulation re: Signal Chat; and [Proposed] Order]<br><br><u>Hearing</u><br>Date: October 2, 2025<br>Time: 10:00 a.m.<br>Courtroom 5B |

**DECLARATION OF JOSEPH PERSOFF IN SUPPORT OF DEFENDANTS'
MOTION FOR SANCTIONS**

**DECLARATION OF JOSEPH PERSOFF**

I, Joseph Persoff, declare:

1.     I am a Deputy City Attorney in the office of the Los Angeles City Attorney. The matters contained in this declaration are within my personal knowledge and if called as a witness, I could and would competently testify to those matters.

2.     Following the Parties' Fed. R. Civ. P. 26(f) conference on September 19, 2024, Defendants served Plaintiffs with Requests for Production of Documents, Set One, and Interrogatories, Set One, on October 3, 2024. On Plaintiffs' request, Defendants extended Plaintiffs' deadline to respond to the written discovery until December 9, 2024.

3.     Plaintiffs served unverified responses on December 9, 2024. Plaintiffs ultimately served verifications piecemeal, beginning on December 31, 2024 and ending with service of Lecki and Mirzakhanians' verifications on January 14 and 15, 2025. Plaintiffs mailed their document production to Defendants on December 27, 2024. True and correct copies of excerpts of Plaintiffs' initial responses to Defendants' Request for Production of Documents, are attached as **Exhibit 25**.

4.     On January 13, 2025, Defendants sent Plaintiffs a letter requesting to meet and confer pursuant to C.D. Cal. L.R. 37-1 regarding Plaintiffs' incomplete, deficient, and false responses. The letter raised, in part, the following specific issues: Plaintiffs' responses that they had no responsive social media documents; Plaintiffs' failure to produce electronic communications; Plaintiffs' failure to identify in their responses whether they were withholding any documents due to privilege; Plaintiffs' failure to provide their social media account names; and Plaintiffs' failure to provide a privilege log. A true and correct copy of the January 13, 2025 letter is attached as **Exhibit 1**.

5.     The Parties met and conferred on January 21, 2025. In light of that conference, Plaintiffs agreed (1) to diligently search for more documents, "including text messages, e-mails, social media posts, and comments to social media posts," and to make

1

**DECLARATION OF JOSEPH PERSOFF IN SUPPORT OF DEFENDANTS'
MOTION FOR SANCTIONS**

a supplemental production by February 4, 2025; (2) to supplement their Interrogatory responses regarding social media profiles; (3) to provide a privilege log no later than February 4, 2025; and (4) to provide a written response as soon as practicable to Defendants' January 13 meet and confer letter to clarify the scope of the issues remaining in dispute. True and correct copies of my January 22, 2025 email to Plaintiffs' counsel and his January 24, 2025 email response confirming the Parties' agreement are attached as **Exhibit 2**.

6.      On February 10, 2025, Defendants asked Plaintiffs to provide "dates certain when we will receive (1) Plaintiffs' supplemental document production; (2) a written response to Defendants' January 13, 2025 meet and confer letter regarding Plaintiffs' deficient discovery responses; and (3) Plaintiffs' privilege log.  Your prior email provided that you would be providing items 1 and 3 by February 4, but we have not received either.  Nor have we received a written response to our January 13, 2025 meet and confer letter--nearly one month later." Plaintiffs responded, "I'll have the 'physical' documents and privilege log to you by end of tomorrow (Feb. 11) and Plaintiffs' written response to your meet/confer as soon as possible, no later than Friday, Feb. 14." True and correct copies of my February 10, 2025 email to Plaintiffs' counsel and his response are attached as **Exhibit 3**.

7.      Having not received any of the promised items, on March 21, 2025, Defendants served Plaintiffs with a L.R. 37-2 Stipulation re Defendants' Motion to Compel, asking Plaintiffs to serve their responsive portion seven days later. Seven days later, a Friday, Plaintiffs stated that they would deliver their response on Monday. At 12:12 a.m. on Tuesday, April 1, Plaintiffs served Defendants with a response to Plaintiffs' January 13, 2025 meet and confer letter and a privilege log. Plaintiffs did not provide Defendants with a responsive portion of the L.R. 37-2 Stipulation, so Defendants converted the stipulation to a noticed motion and submitted it to Magistrate Judge Kim.

2

**DECLARATION OF JOSEPH PERSOFF IN SUPPORT OF DEFENDANTS'
MOTION FOR SANCTIONS**

The Motion raised the following issues, in part: (1) the inadequacy of the privilege log Plaintiffs produced on April 1; (2) the inadequacy of some of Plaintiffs' responses, including their boilerplate objections; and (3) Plaintiffs' failure to produce electronic communications. True and correct copies of my March 21, 2025 email circulating Defendants' L.R. 37-2 Stipulation re Defendants' Motion to Compel to Plaintiffs' counsel and Plaintiffs' counsel's March 28, 2025 email advising that he would provide his response by Monday, March 31, 2025 are attached as **Exhibit 4**. A true and correct copy of Plaintiffs' counsel's April 1, 2025 email and its attachments are attached as **Exhibit 5**.

8.    On May 5, 2025, I took the deposition of Plaintiff Peter Lecki. A true and correct copy of excerpts from the certified transcript of Mr. Lecki's deposition is attached as **Exhibit 6**.

9.    On May 28, 2025, Mr. Lecki served a supplemental document production. A true and correct copy of a document from that production, bates number PM3530, is attached as **Exhibit 7**. A true and correct copy of a document from that production, bates number PI2803, is attached as **Exhibit 8**. A true and correct copy of a document from that production, bates number PI2824, is attached as **Exhibit 9**.

10.    On June 27, 2025, my colleague, Deputy City Attorney George D. Lee took the deposition of Plaintiff Young Yi. A true and correct copy of excerpts from the certified transcript of Ms. Yi's deposition is attached as **Exhibit 10**.

11.    On July 9, 2025, Magistrate Judge Kim held a hearing following Defendants' request for an Informal Discovery Conference. A true and correct copy of excerpts from the certified transcript from that hearing is attached as **Exhibit 11**.

12.    On April 30, 2025, Defendants attempted service of subpoena on Zohra Fahim, the person who started the Griffith Park Pony Rides protest campaign. Prior to first attempting service, Defendants provided Plaintiffs with notice that they would be

3

**DECLARATION OF JOSEPH PERSOFF IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**

serving the subpoena. After multiple attempts at service, Defendants' process server was informed that Fahim was no longer at that address. After failure of service, Defendants discovered that Plaintiffs' counsel is representing Fahim in an unrelated matter. When asked whether he communicated with Fahim about the impeding subpoena, Plaintiffs' counsel invoked the attorney-client privilege. True and correct copies of my May 6, 2025 email to Plaintiffs' counsel regarding service of the subpoena on Zohra Fahim and his May 7, 2025 response are attached as **Exhibit 12**. At the hearing, Plaintiffs' counsel stated that his understanding was that Fahim was being represented by another attorney and that she had been served with the subpoena. ECF No. 81. Based on that statement, Judge Kim directed Defendants to contact that attorney regarding accepting service of the subpoena. ECF No. 80. In response, I sent an email to the attorney identified by Plaintiffs' counsel, but he never responded to me. Plaintiffs' counsel subsequently discovered his statement at the hearing was inaccurate and submitted a declaration correcting the record. ECF No. 81. Defendants were never able to serve Ms. Fahim.

13. On May 7, 2025, my colleague, Deputy City Attorney Carr Tekosky took the deposition of Plaintiff Michael Hegger. A true and correct copy of excerpts of the certified transcript from Mr. Hegger's deposition is attached as **Exhibit 13**.

14. On May 12, 2025, my colleague, Deputy City Attorney Carr Tekosky took the deposition of Plaintiff Eric Castro. A true and correct copy of excerpts of the certified transcript from Mr. Castro's deposition is attached as **Exhibit 14**.

15. On May 15, 2025, I took the virtual deposition of Plaintiff Maria Rios. A true and correct copy of excerpts of the certified transcript from Ms. Rios's deposition is attached as **Exhibit 15**.

16. On May 19, 2025, I took the deposition of Plaintiff Arameh Mirzakhanian. A true and correct copy of excerpts of the certified transcript from Mr. Mirzakhanian's deposition is attached as **Exhibit 16**.

4

**DECLARATION OF JOSEPH PERSOFF IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**

17.    On May 20, 2025, I took the deposition of Plaintiff Denzil Rodrigues. A true and correct copy of excerpts of the certified transcript from Mr. Rodrigues's deposition is attached as **Exhibit 17**.

18.    On May 29, 2025, I took the deposition of Plaintiff Sarah Segal. A true and correct copy of excerpts of the certified transcript from Mr. Rodrigues's deposition is attached as **Exhibit 18**.

19.    On June 25, 2025, I took the deposition of Plaintiff Michael Fujimori. A true and correct copy of excerpts of the certified transcript from Mr. Fujimori's deposition is attached as **Exhibit 19**.

20.    On June 30, 2025, my colleague, Deputy City Attorney George D. Lee took the deposition of Plaintiff Alonda Reveles. A true and correct copy of excerpts from the certified transcript of Ms. Reveles's deposition is attached as **Exhibit 20**.

21.    On July 7, 2025, Plaintiff Young Yi made a supplemental document production. A true and correct copy of a document from that production, bates number PI3751, is attached as **Exhibit 21**. A true and correct copy of a document from that production, bates number PI3739, is attached as **Exhibit 22**. A true and correct copy of a document from that production, bates number PI3756, is attached as **Exhibit 23**. Following review of Exhibit 21, I emailed Plaintiffs' counsel notifying him that communications appeared to be missing, but I never received any explanation or supplemental production clarifying the missing communications. A true and correct copy of my emails to Plaintiffs' counsel regarding this issue are attached as **Exhibit 24**.

22.    Through my position as a Deputy City Attorney for the City of Los Angeles, I have access to the Los Angeles Superior Court Portal, through which I am able to download documents filed in civil proceedings in the Los Angeles Superior Court. Attached as **Exhibit 26** is a true and correct copy of the Complaint filed on March 17, 2025 in Los Angeles County Superior Court Case No. 25STCV07718, titled *Peter Lecki*

5

**DECLARATION OF JOSEPH PERSOFF IN SUPPORT OF DEFENDANTS'
MOTION FOR SANCTIONS**

*vs. Critical Solutions-Protective Services Group, Inc., et al.*, which I downloaded from the Los Angeles Superior Court Portal.

23.    Following rulings by Magistrate Judge Kim and meeting and conferring between counsel, Plaintiffs served Defendants with an amended privilege log on July 7, 2025. A true and correct copy of that amended privilege log is attached as **Exhibit 27**.

24.    On August 21, 2025 I emailed Plaintiffs' counsel requesting to meet and confer pursuant to L.R. 7-3 regarding Defendants' intent to bring a motion for sanctions due to Plaintiffs' spoliation of evidence and discovery misconduct. Specifically, Defendants explained that they intended to seek sanctions for the following: (1) with the exception of Jeff Fleiss and Amanda Lundberg, the spoliation of the Signal chat communications; (2) the spoliation of signs used at the protests; and (3) Sarah Segal's failure to produce documents reflecting her compensatory damages. For the Signal chat spoliation, Defendants intend to seek terminating sanctions (against all Plaintiffs except for Jeff Fleiss and Amanda Lundberg); for the spoliation of signs, Defendants intend to seek a permissive inference jury instruction; for Ms. Segal's failure to produce documents, Defendants intend to seek to have her request for compensatory damages stricken; and for all, Defendants intend to seek an award of attorneys' fees.

25.    I conferred with Plaintiffs' counsel regarding Defendants' intended motion on August 26, 2025. During the conference I re-conveyed Defendants' position as set forth in my August 21 email. In regard to the Signal chat issue, my understanding of Plaintiffs' position is that there was no intent to spoliate and that Plaintiffs acted negligently at best, so no sanctions are warranted. If, however, spoliation is found, terminating sanctions are inappropriate because the proper sanction is the least punitive one justifiable. In regard to the signs issue, my understanding of Plaintiffs' position is that there was no intent to spoliate and there is no prejudice to Defendants because the signs can be seen in various videos. If, however, sanctions are deemed warranted,

6

**DECLARATION OF JOSEPH PERSOFF IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiffs agree that a permissive inference jury instruction is appropriate. In regard to the Sarah Segal issue, Plaintiffs intend to dismiss Ms. Segal's claims related to the alleged kick, thereby mooting the issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 4, 2025 in Los Angeles, California.

                                        /s/ Joseph Persoff
                                        Joseph Persoff

7

**DECLARATION OF JOSEPH PERSOFF IN SUPPORT OF DEFENDANTS'**
**MOTION FOR SANCTIONS**