# EXHIBIT 1



Office of the Los Angeles City Attorney
Hydee Feldstein Soto

**January 13, 2025**

***Via E-mail***
Jerold D. Friedman, Esq.
Law Office of Jerold D. Friedman
jerry@lawofficejdf.com
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123

Re: *These Ponies Are Miserable, et al. v. City of Los Angeles, et al.*

Dear Counsel:

Pursuant to C.D. Cal. L.R. 37-1, we request to meet and confer with you regarding Plaintiffs' incomplete, deficient, and false responses to the Requests for Production of Documents, Set One and Interrogatories, Set One, served on Oct. 3, 2024 and Oct. 9, 2024.  To facilitate our discussion, we summarize Defendants' positions below.  Please let us know when either later this week or next week, January 20-25, you are available to speak.  As you know, Plaintiffs' depositions are scheduled beginning the end of February and we require complete written discovery responses before we are able to take those depositions.

## RESPONSES TO REQUESTS FOR PRODUCTION

### Plaintiffs' False Responses

Request for Production No. 8, served on all individual Plaintiffs, requested "All DOCUMENTS reflecting any/or all posts, stories, and/or notes disseminated on SOCIAL MEDIA regarding the Pony Ride Protests."  All Plaintiffs responded that they have no such responsive documents.  Utilizing Plaintiffs' responses to Interrogatory No. 4, providing their social media account names, it became clear after just a couple of minutes searching that these responses are false, as numerous Plaintiffs do in fact have social media posts regarding the Pony Ride Protests which are the focus of this lawsuit. Plaintiffs should amend their responses to accurately reflect their possession, custody,

**Exhibit 1-1**

Jerold D. Friedman, Esq.
January 13, 2025
Page 2

or control of responsive documents and Plaintiffs should produce all such responsive documents.

**Privilege Log**

Plaintiffs responded to a number of Requests by objecting on the basis of the Attorney-Client Privilege.  Plaintiffs have not served a privilege log, however, which they are obligated to do.  *Mass. Mutual Life Ins. Co. v. Reingold*, 2020 WL 12016704, at *1 (C.D. Cal. Jan. 31, 2020) (citing Fed. R. Civ. P. 26(b)(5)).

**Plaintiffs' Undesignated Document Production Prejudices Defendants**

Defendants served separate Requests for Production on each Plaintiff, but Plaintiffs' document production was served as one set, without designating which document is being produced by which Plaintiff.  As you know, following service of the requests, we confirmed with you that Defendants will require separate document productions from each Plaintiff so that Defendants could discern which document was being produced by which Plaintiff.  This request was necessary to determine the custodian(s) of each document, which in turn is necessary to properly authenticate each document for use in a potential Motion for Summary Judgment or at trial, if necessary.

Despite our attempt to preempt this issue by meeting and conferring with you on it, Plaintiffs' served a single document production with responses that do not comprehensibly demonstrate which documents were within the possession, custody, or control of which Plaintiff.  For example, Plaintiffs' responses to Request for Production No. 7 uniformly provide, "Responsive documents are being produced as Bates# PV1001-PV1395."

Due to Plaintiffs' failure to serve a comprehensible document production, Defendants will have to engage in additional, time-consuming efforts to determine which Plaintiff is a custodian of which document, such as serving additional Interrogatories and spending precious time at deposition going through each of the documents to determine which Plaintiff has the requisite foundation to authenticate which document.  This tedious process would necessitate Defendants seeking additional time beyond the seven-hour default to complete each Plaintiff's deposition.

**These Ponies Are Miserable's Responses**

These Ponies Are Miserable was served with a number of Requests seeking basic documents that an organization would have, such as an agreement to associate, member lists, filings with the California Secretary of State, financial statements, and meeting minutes, among others.  *See* Request Nos. 1 - 7, 15 - 18.  The responses to these Requests provide that "the particular item has never been in my possession, custody, or control."  Assuming that these documents ever existed, they would have necessarily been within the association's possession, custody, or control.  *See U.S. v.*

**Exhibit 1-2**

Jerold D. Friedman, Esq.
January 13, 2025
Page 3

*Internat. Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon demand.").

Accordingly, These Ponies Are Miserable should amend its responses to either provide that such responsive documents have never existed or that it is producing such responsive documents.

**Response to Request for Production No. 1**

Request for Production No. 1 requests "All DOCUMENTS reflecting membership in the unincorporated association 'These Ponies are Miserable.'"  Plaintiffs listed a number of improper objections, but, because no Plaintiff stated that they are withholding any items due to such objections, Defendants only seek to meet and confer regarding Plaintiffs' substantive responses. If Plaintiffs have withheld any documents due to any of the stated objections, Plaintiffs should amend their responses to state as such, and Defendants will meet and confer accordingly.  Please confirm whether Plaintiffs have withheld any documents due to any of the stated objections.

Each Plaintiff's response provides that they have no responsive documents and they believe any responsive documents are within the possession, custody, or control of Denzil Rodrigues.  The problem with this response is that Denzil Rodrigues also provided this same response: "I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the particular item has never been in my possession, custody, or control. The person believed to have possession, custody, or control of this item is Plaintiff Denzil Rodrigues."

This response is obviously nonsensical.  Mr. Rodrigues should therefore amend his response and provide responsive documents.

**Response to Request for Production No. 2**

Request for Production No. 2 requests "All DOCUMENTS related to or referring to the Pony Ride Protests."  Plaintiffs' responses to Request for Production No. 2 is deficient for multiple reasons.  First, Plaintiffs' boilerplate objections are improper.  *Garcia v. Cnty. of Riverside Sheriff Dep't*, 2024 WL 3512989, at *1 (C.D. Cal. July 2, 2024) (boilerplate objections are prohibited).  Second, Plaintiffs improperly object that the request is vague and does not describe the category of documents sought with reasonable particularity.  Neither of these grounds for objection apply.  Plaintiffs have an obligation to construe Defendants' discovery requests "in a reasonable manner." *Prolo v. Blackman*, 2022 WL 2189643, at *9 (C.D. Cal. Mar. 25, 2022).  In light of the allegations of the operative Complaint, it is clear what the term "Pony Ride Protests" refers to, and in light of Plaintiffs' responses to other requests, it is clear that Plaintiffs understand what the term "Pony Ride Protests" refers to.  The test for reasonable particularity is "whether the request places a party upon reasonable notice of what is

**Exhibit 1-3**

Jerold D. Friedman, Esq.
January 13, 2025
Page 4

called for and what is not." *Id*. at *3. This request meets that standard.

Third, Plaintiffs object to the request as an overbroad "fishing expedition." This objection is improper as the request is neither overbroad nor a "fishing expedition." Plaintiffs' protests at the Pony Rides are the focus of Plaintiffs' lawsuit, so any documents relating to such protests are almost necessarily discoverable pursuant to Fed. R. Civ. P. 26. Further, as an example, Plaintiffs provide that a document "such as casual e-mail barely mentioning only the fact of a protest" would not be discoverable, but such a document would certainly be relevant. Plaintiffs' claims and damages sought are based on each instance of their protest activity at the Pony Rides. Therefore, even an email mentioning the existence of a protest is relevant and discoverable.

Finally, Plaintiffs' substantive response is deficient. Responses to requests for production of documents must state whether any responsive materials are being withheld based on an objection, that responsive documents within the party's possession, custody, or control are being produced, or whether, after conducting a reasonable inquiry, no responsive documents are within the party's possession, custody, or control. *See Leszczynski v. Kitchen Cube LLC*, 2024 WL 4875445, at *2 (C.D. Cal. Sept. 23, 2024); *Vanguard Logistics v. Robinson*, 2024 WL 1171654, at *3 (C.D. Cal. Mar. 6, 2024).

Accordingly, Plaintiffs should serve amended responses withdrawing their erroneous objections, providing proper responses, and producing responsive documents within their possession, custody, or control.

### Response to Request for Production No. 3

Request for Production No. 3 requests "All DOCUMENTS that were used at any and/or all Pony Ride Protests." Plaintiffs listed a number of improper objections, but, because no Plaintiff stated that they are withholding any items due to such objections, Defendants only seek to meet and confer regarding Plaintiffs' substantive responses. If Plaintiffs have withheld any documents due to any of the stated objections, Plaintiffs should amend their responses to state as such, and Defendants will meet and confer accordingly. Please confirm whether Plaintiffs have withheld any documents due to any of the stated objections.

Plaintiffs' substantive responses are improper. The request was not limited to documents used at the protest by the specific Plaintiff served with the request, yet Plaintiffs' responses limited the response to "documents that I used while participating at the Pony Rides Protests." Plaintiffs are not entitled to unilaterally limit the scope of a document request. If, for example, one Plaintiff held a sign at a protest and then after leaving handed it to another Plaintiff, that sign is relevant and discoverable.

Accordingly, Plaintiffs should amend their responses to remove the limiting language to their response and produce any documents response to the Request.

**Exhibit 1-4**

Jerold D. Friedman, Esq.
January 13, 2025
Page 5

### Response to Request for Production No. 4

Request for Production No. 4 requests "All DOCUMENTS reflecting any/or all detentions and/or arrests at the Pony Ride Protests." Plaintiffs listed a number of improper objections, but no Plaintiff stated that they are withholding any items due to such objections, so Defendants do not currently seek to meet and confer regarding such objections. However, Plaintiffs' objection that the "request is vague if 'reflecting' is intended to encompass anything other than government-generated documents," suggests that Plaintiffs may have improperly limited the scope of their responses to "government-generated documents." Non-government-generated documents fall within the scope of this request and would be discoverable and relevant, such as photographs or videos of an arrest or text messages or emails referencing an arrest.

If Plaintiffs have withheld any documents due to any of the stated objections, Plaintiffs should amend their responses to state as such, and Defendants will meet and confer accordingly. Please confirm whether Plaintiffs have withheld any documents due to any of the stated objections.

### Request for Production No. 5

Request for Production No. 5 requests "All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests." Plaintiffs objected to the request as overbroad if the request is "intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing." This objection is improper. Plaintiffs' protests at the Pony Rides are the focus of Plaintiffs' lawsuit, so any documents relating to such protests are almost necessarily discoverable pursuant to Fed. R. Civ. P. 26. Further, as an example, Plaintiffs provide that a document including e-mail that does so only briefly and in passing" would not be discoverable, but such a document would be relevant. Plaintiffs' claims and damages sought are based on each instance of their protest activity at the Pony Rides. Therefore, even an email or text message mentioning the existence of a protest is relevant and discoverable.

Plaintiffs have a duty to search their text messages and email for communications related to the Pony Ride Protests. By bringing this lawsuit, they opened up such communications for discovery. Please confirm that each Plaintiff has conducted such a search for responsive items.

Additionally, Plaintiffs' response is improper as it unilaterally limits the scope of the Request. Plaintiffs' duty is to produce responsive documents within their possession, custody, or control. Plaintiffs are not entitled to unilaterally limit the substantive scope of the Request to exclude items that are discoverable.

Accordingly, Plaintiffs should serve amended responses withdrawing their erroneous

**Exhibit 1-5**

Jerold D. Friedman, Esq.
January 13, 2025
Page 6

objection and to provide a substantive response compliant with Fed. R. Civ. P. 26 and 34.

**Requests for Production Nos. 9 – 32, 36, 38, 42, 43, 44**

Requests for Production Nos. 9 – 32, 36, 38, 43, 44 seek documents directly related to specific allegations alleged in the operative Complaint by Plaintiffs.  Plaintiffs improperly refused to respond to any of them.  First, the objections are all erroneous.  The scope of the Requests is not overbroad—they are limited to Plaintiffs' specific allegations and are reasonably particularized.  While Plaintiffs object that some privileged material falls within the scope of the Requests, Plaintiffs were therefore required to note that privileged materials are being withheld and required to produce a privilege log.  Plaintiffs have done neither.  Plaintiffs also object based on references to Fed. R. Civ. P. 26, but that objection is improper because the cited language of Rule 26 relates to what a party is obligated to include with its initial disclosures.  That cited language of Rule 26 does not limit the scope of material discoverable under Fed. R. Civ. P. 34.

Second, Plaintiffs' substantive response is improper.  Plaintiffs provide that their "initial disclosures and additional documents produced in responses to other document requests would be responsive [to] this request, as would documents produced as expert discovery, particularly disclosures."  This is not a legally proper response.  Responses to requests for production of documents must state whether any responsive materials are being withheld based on an objection, that responsive documents within the party's possession, custody, or control are being produced, or whether, after conducting a reasonable inquiry, no responsive documents are within the party's possession, custody, or control.  *See Leszczynski v. Kitchen Cube LLC*, 2024 WL 4875445, at *2 (C.D. Cal. Sept. 23, 2024); *Vanguard Logistics v. Robinson*, 2024 WL 1171654, at *3 (C.D. Cal. Mar. 6, 2024).

Accordingly, Plaintiffs should amend their responses, withdrawing all the objections and providing a legally proper response.  As noted above, these Requests are tied directly to Plaintiffs' specific allegations.  If any Plaintiff has no documents supporting the allegations they made, that Plaintiff should disclaim the allegation.  And if no Plaintiff has evidence to support a particular allegation, then Plaintiffs should amend the operative Complaint, withdrawing the allegations, as required by Fed. R. Civ. P. 11.

## RESPONSES TO INTERROGATORIES

**Failure to Provide Verifications**

As you know, the responses to the Interrogatories for all Plaintiffs other than These Ponies Are Miserable were due December 9, 2024 and the responses for These Ponies Are Miserable was due December 16, 2024.  Defendants did not receive signed verifications by any of these dates.  Defendants have now—weeks later—received signed verifications by most Plaintiffs, but signed verifications are still missing from

CITY HALL EAST 200 N. Main Street, 8th Floor, Los Angeles, CA 90012 Tel: (213) 978-8351 Fax (213) 978-7011

**Exhibit 1-6**

Jerold D. Friedman, Esq.
January 13, 2025
Page 7

Peter Lecki, Arameh Mirzakhanian, and These Ponies Are Miserable.  Plaintiffs' failure to timely serve verifications is prejudicing Defendants as Defendants require the complete discovery responses to prepare for Plaintiffs' depositions and, accordingly, Defendants' Motion for Summary Judgment.

Please provide the signed verifications immediately.

**These Ponies Are Miserable**

These Ponies Are Miserable was served with different Interrogatories than the other Plaintiffs.  The unverified responses received from These Ponies Are Miserable appear, however, to be copied from Denzil Rodrigues's responses.  The Interrogatories served on These Ponies Are Miserable are not the same Interrogatories served on Denzil Rodrigues.  Therefore, These Ponies Are Miserable should immediately serve verified responses to the Interrogatories that were served on it back on October 9, 2024.

**Interrogatory No. 1**

Interrogatory No. 1 seeks "the total amount of damages YOU contend YOU are entitled to individually due to the claims alleged in YOUR COMPLAINT."  None of the Plaintiffs provided a complete response.  Plaintiffs provide that they are entitled to certain statutory damages "for each violation" of the Bane and Ralph Acts, but Plaintiffs do not provide how many violations they are alleging.  Defendants are entitled to this information.

Plaintiffs should therefore amend their responses to clarify how many alleged violations of the Ralph and Bane Acts they are seeking damages for.

**Interrogatory No. 3**

Interrogatory No. 3 requested identification of "every person who may have witnessed you engaging in protesting activity at the Pony Rides."  This required not only providing names, but also the person's last known telephone number and address.  Some Plaintiffs provided this information, but most did not.  Therefore, Plaintiffs should amend their responses to provide the last known telephone number and address of each person identified, and if the telephone number or address is unknown, state as such.

**Interrogatory No. 4**

Interrogatory No. 4 requests Plaintiffs provide their social media account profile names.  A number of Plaintiffs provided incomplete responses.  For example, Eric Castro's response stated, "I have no active social media."  This is an improper response as the Interrogatory was not limited to active accounts.  Therefore, Mr. Castro should amend his response to include all accounts he has access to.

CITY HALL EAST 200 N. Main Street, 8th Floor, Los Angeles, CA 90012 Tel: (213) 978-8351 Fax (213) 978-7011

**Exhibit 1-7**

Jerold D. Friedman, Esq.
January 13, 2025
Page 8

Further, despite the Interrogatory responses being signed under penalty of perjury, we have determined that not all Plaintiffs disclosed all of their social media accounts. Plaintiffs should therefore review their responses and amend them to provide accurate and complete responses.

Finally, Young Yi appears to have spoliated evidence.  In her verified response, she listed an Instagram profile, "animalseoulite."  That profile has been deleted, however.  As you know, once Plaintiffs submitted their government claim on March 18, 2022, they were under an obligation to preserve evidence.  Ms. Yi must therefore cure her spoliation or be subjected to sanctions.

We look forward to speaking with you to resolve these issues so that we can proceed with litigation of this lawsuit.

Sincerely,

Joseph Persoff
Deputy City Attorney

**Exhibit 1-8**