# EXHIBIT 25

Jerold D. Friedman (CA SBN: 290434)
    *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.)<br>Related to Case No.: CV 21-09653-HDV (SKx.)<br><br>**PLAINTIFF MARIA RIOS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

**PROPOUNDING PARTY:**    **FELIX RENTERIA, Defendant**
**RESPONDING PARTY:**     **MARIA RIOS, Plaintiff**
**SET NUMBER:**              **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

PLAINTIFF MARIA RIOS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-1**

Document Ref: CEYEH-XFVNC-2AXPI-F2UWD

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF MARIA RIOS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-2**

Document Ref: CEYEH-XFVNC-2AXPI-F2UWD

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

Notwithstanding and without waiving the foregoing objections, responsive documents are being produced as Bates# PI1668, PI1669, PP1422.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF MARIA RIOS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-3**

Document Ref: CEYEH-XFVNC-2AXPI-F2UWD

**Exhibit 25-4**

Jerold D. Friedman (CA SBN: 290434)
    *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.) <br> Related to Case No.: CV 21-09653-HDV (SKx.) <br><br> **PLAINTIFF PETER LECKI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

PROPOUNDING PARTY:     **FELIX RENTERIA, Defendant**
RESPONDING PARTY:      **PETER LECKI, Plaintiff**
SET NUMBER:                **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

Page 1 of 27

PLAINTIFF PETER LECKI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-5**

Document Ref: E87U2-COZPT-9QFXP-QIMGU

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF PETER LECKI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-6**

Document Ref: E87U2-COZPT-9QFXP-QIMGU

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

Notwithstanding and without waiving the foregoing objections, responsive documents are being produced as Bates# PI1488, PI1608, PI1631, PI1632, PI1633, PI1634, PI1635, PI1636, PI1637, PI1642, PI1644, PI1645, PI1646, PI1647, PI1648, PI1649, PI1650, PI1651, PI1664, PI1696, PI1697, PI1698, PI1699, PI1700, PI1701, PI1702, PI1703, PI1704, PI1705, PI1706, PI1707, PI1708, PI1709, PI1710, PI1711, PI1712, PI1713, PI1714, PI1715, PI1716, PI1717, PI1718, PI1720, PI1722, PI1723, PI1724, PI1727, PI1728, PI1729, PI1730, PI1731, PI1732, PI1733, PI1734, PI1735, PI1736, PI1737, PI1738, PI1739, PI1740, PI1741, PI1742, PI1743, PI1744, PI1745, PI1746, PI1747, PI1748, PI1749, PI1750, PI1751, PI1752, PI1753, PI1754, PI1755, PI1756, PI1757, PI1758, PI1759, PI1760, PI1761, PI1762, PI1763, PI1764, PI1765, PI1766, PI1767, PI1768, PI1769, PI1770, PI1771, PI1772, PI1773, PI1774, PI1775, PI1776, PI1777, PI1778, PI1779, PI1780, PI1781, PI1782, PI1783, PI1784, PI1785, PI1786, PI1787, PM1719, PM1721, PM1725, PM1726, PP1396, PP1399, PP1400, PP1401, PP1402, PP1403, PP1407, PP1409, PP1413, PP1414, PP1415, PP1416, PP1419, PP1421, PP1423, PP1425, PP1427, PP1430, PP1432, PP1433, PP1435, PP1436, PP1437, PP1441, PP1442, PP1443, PP1444, PP1445, PP1446, PP1447, PV1106, PV1135, PV1314, PV1315, PV1316, PV1317, PV1318, PV1319, PV1320, PV1321, PV1322, PV1323, PV1324, PV1325, PV1326, PV1327, PV1328, PV1329, PV1330, PV1331, PV1332, PV1333, PV1334, PV1335, PV1336, PV1337, PV1338, PV1339, PV1340, PV1341, PV1342, PV1343, PV1344, PV1345, PV1346, PV1347, PV1348, PV1349, PV1350, PV1351, PV1352, PV1353,

PLAINTIFF PETER LECKI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-7**

Document Ref: E87U2-COZPT-9QFXP-QIMGU

**Exhibit 25-8**

Jerold D. Friedman (CA SBN: 290434)
    *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.)<br>Related to Case No.: CV 21-09653-HDV (SKx.)<br><br>**PLAINTIFF MICHAEL FUJIMORI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

**PROPOUNDING PARTY:    FELIX RENTERIA, Defendant**
**RESPONDING PARTY:    MICHAEL FUJIMORI, Plaintiff**
**SET NUMBER:        One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

PLAINTIFF MICHAEL FUJIMORI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-9**

Document Ref: RSWU3-GLQYY-AUOGU-6SZ3L

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF MICHAEL FUJIMORI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-10**

Document Ref: RSWU3-GLQYY-AUOGU-6SZ3L

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF MICHAEL FUJIMORI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-11**

Document Ref: RSWU3-GLQYY-AUOGU-6SZ3L

**Exhibit 25-12**

Jerold D. Friedman (CA SBN: 290434)
  *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al.,<br><br>       Plaintiffs,<br><br>              v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>       Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.)<br>Related to Case No.: CV 21-09653-HDV (SKx.)<br><br>**PLAINTIFF JEANIE LEE'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

**PROPOUNDING PARTY:   FELIX RENTERIA, Defendant**
**RESPONDING PARTY:    JEANIE LEE, Plaintiff**
**SET NUMBER:          One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

PLAINTIFF JEANIE LEE'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-13**

Document Ref: KKSRQ-6Z9VG-FBJDO-HNN6H

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF JEANIE LEE'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-14**

Document Ref: KKSRQ-6Z9VG-FBJDO-HNN6H

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF JEANIE LEE'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-15**

Document Ref: KKSRQ-6Z9VG-FBJDO-HNN6H

**Exhibit 25-16**

Jerold D. Friedman (CA SBN: 290434)
*jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

THESE PONIES ARE MISERABLE, et al.,

    Plaintiffs,

        v.

CITY OF LOS ANGELES, et al.,

    Defendants.

**Case No.:** 2:23-cv-8330-HDV (SKx.)
Related to Case No.: CV 21-09653-HDV (SKx.)

**PLAINTIFF AOUIE GOODNIS'S CORRECTED RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

**PROPOUNDING PARTY:**    **FELIX RENTERIA, Defendant**
**RESPONDING PARTY:**     **AOUIE GOODNIS, Plaintiff**
**SET NUMBER:**            **One**

TO: Propounding Party and their Attorney of Record:

     This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

     It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

**Exhibit 25-17**

Document Ref: GA4EZ-JITF9-RUPZU-KKBHR

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. Responsive documents are being produced as Bates# PP1789, PP1790.

PLAINTIFF AOUIE GOODNIS'S CORRECTED RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-18**

Document Ref: GA4EZ-JITF9-RUPZU-KKBHR

**Exhibit 25-19**

Jerold D. Friedman (CA SBN: 290434)
    *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.) <br> Related to Case No.: CV 21-09653-HDV (SKx.) <br><br> **PLAINTIFF AMANDA LUNDBERG'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

PROPOUNDING PARTY:   **FELIX RENTERIA, Defendant**
RESPONDING PARTY:    **AMANDA LUNDBERG, Plaintiff**
SET NUMBER:          **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

PLAINTIFF AMANDA LUNDBERG'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-20**

Document Ref: UHEOM-CLZDM-VBKHS-RBFXW

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF AMANDA LUNDBERG'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-21**

Document Ref: UHEOM-CLZDM-VBKHS-RBFXW

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF AMANDA LUNDBERG'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-22**

Document Ref: UHEOM-CLZDM-VBKHS-RBFXW

**Exhibit 25-23**

Jerold D. Friedman (CA SBN: 290434)
    *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.)<br>Related to Case No.: CV 21-09653-HDV (SKx.)<br><br>**PLAINTIFF ERIC CASTRO'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

**PROPOUNDING PARTY:**    **FELIX RENTERIA, Defendant**
**RESPONDING PARTY:**    **ERIC CASTRO, Plaintiff**
**SET NUMBER:**    **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

PLAINTIFF ERIC CASTRO'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-24**

Document Ref: EIWXC-TNRWU-FXNHR-GND9H

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF ERIC CASTRO'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-25**

Document Ref: EIWXC-TNRWU-FXNHR-GND9H

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

Notwithstanding and without waiving the foregoing objections, responsive documents are being produced as Bates# PI1663, PI1673, PM1621, PM1652, PP1406.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF ERIC CASTRO'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-26**

Document Ref: EIWXC-TNRWU-FXNHR-GND9H

**Exhibit 25-27**

Jerold D. Friedman (CA SBN: 290434)
    *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al., | **Case No.:** 2:23-cv-8330-HDV (SKx.) |
| Plaintiffs, | Related to Case No.: CV 21-09653-HDV (SKx.) |
| v. | **PLAINTIFF DENZIL RODRIGUES'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

**PROPOUNDING PARTY:**   **FELIX RENTERIA, Defendant**
**RESPONDING PARTY:**    **DENZIL RODRIGUES, Plaintiff**
**SET NUMBER:**        **One**

TO: Propounding Party and their Attorney of Record:

    This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

    It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

PLAINTIFF DENZIL RODRIGUES'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-28**

Document Ref: GPFZG-AT8B3-TA8KG-RXYUH

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF DENZIL RODRIGUES'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-29**

Document Ref: GPFZG-AT8B3-TA8KG-RXYUH

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Responsive documents are being produced. Bates# PP1448, PP1449, PP1450, PP1451, PP1452, PP1453, PP1454, PP1455, PP1456, PP1457, PP1458, PP1459, PP1460, PP1461.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS reflecting prior and/or current membership in any animal rights groups.

PLAINTIFF DENZIL RODRIGUES'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-30**

Document Ref: GPFZG-AT8B3-TA8KG-RXYUH

**Exhibit 25-31**

Jerold D. Friedman (CA SBN: 290434)
*jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

THESE PONIES ARE MISERABLE, et al.,

     Plaintiffs,

        v.

CITY OF LOS ANGELES, et al.,

     Defendants.

**Case No.:** 2:23-cv-8330-HDV (SKx.)
Related to Case No.: CV 21-09653-HDV (SKx.)

**PLAINTIFF JAMIE SANDERS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

**PROPOUNDING PARTY:**   **FELIX RENTERIA, Defendant**
**RESPONDING PARTY:**    **JAMIE SANDERS, Plaintiff**
**SET NUMBER:**          **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

Page 1 of 26

PLAINTIFF JAMIE SANDERS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-32**

Document Ref: EAB3V-VA7TR-KVIYY-23P5Q

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF JAMIE SANDERS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-33**

Document Ref: EAB3V-VA7TR-KVIYY-23P5Q

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF JAMIE SANDERS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-34**

Document Ref: EAB3V-VA7TR-KVIYY-23P5Q

**Exhibit 25-35**

Jerold D. Friedman (CA SBN: 290434)
   *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.)<br>Related to Case No.: CV 21-09653-HDV (SKx.)<br><br>**PLAINTIFF RAY SANDOVAL'S CORRECTED RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

**PROPOUNDING PARTY:**   **FELIX RENTERIA, Defendant**
**RESPONDING PARTY:**   **RAY SANDOVAL, Plaintiff**
**SET NUMBER:**   **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

Page 1 of 27

PLAINTIFF RAY SANDOVAL'S CORRECTED RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-36**

Document Ref: 6JFOE-XDDZD-QTVET-HVV2Q

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF RAY SANDOVAL'S CORRECTED RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-37**

Document Ref: 6JFOE-XDDZD-QTVET-HVV2Q

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF RAY SANDOVAL'S CORRECTED RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-38**

Document Ref: 6JFOE-XDDZD-QTVET-HVV2Q

**Exhibit 25-39**

Jerold D. Friedman (CA SBN: 290434)
*jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

THESE PONIES ARE MISERABLE, et al.,

Plaintiffs,

v.

CITY OF LOS ANGELES, et al.,

Defendants.

**Case No.:** 2:23-cv-8330-HDV (SKx.)
Related to Case No.: CV 21-09653-HDV (SKx.)

**PLAINTIFF SARAH SEGAL'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

PROPOUNDING PARTY:     **FELIX RENTERIA, Defendant**
RESPONDING PARTY:      **SARAH SEGAL, Plaintiff**
SET NUMBER:            **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

PLAINTIFF SARAH SEGAL'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-40**

Document Ref: KSSRA-DFXPV-OBHNJ-AURDD

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF SARAH SEGAL'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-41**

Document Ref: KSSRA-DFXPV-OBHNJ-AURDD

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF SARAH SEGAL'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-42**

Document Ref: KSSRA-DFXPV-OBHNJ-AURDD

**Exhibit 25-43**

Jerold D. Friedman (CA SBN: 290434)
   *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.)<br>Related to Case No.: CV 21-09653-HDV (SKx.)<br><br>**PLAINTIFF YOUNG YI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

PROPOUNDING PARTY:   **FELIX RENTERIA, Defendant**
RESPONDING PARTY:    **YOUNG YI, Plaintiff**
SET NUMBER:           **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

Page 1 of 26

**Exhibit 25-44**

Document Ref: EXIKU-8RYNY-JG2NQ-UKRTY

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF YOUNG YI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-45**

Document Ref: EXIKU-8RYNY-JG2NQ-UKRTY

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF YOUNG YI'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-46**

Document Ref: EXIKU-8RYNY-JG2NQ-UKRTY

**Exhibit 25-47**

Jerold D. Friedman (CA SBN: 290434)
    *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al.,<br><br>        Plaintiffs,<br><br>                v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>        Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.)<br>Related to Case No.: CV 21-09653-HDV (SKx.)<br><br>**PLAINTIFF ANNIE ABRAM'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

**PROPOUNDING PARTY:**    **FELIX RENTERIA, Defendant**
**RESPONDING PARTY:**    **ANNIE ABRAM, Plaintiff**
**SET NUMBER:**    **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

Page 1 of 27

**Exhibit 25-48**

Document Ref: S2SMC-UWMUN-BMUHV-VZXED

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

Page 3 of 27

PLAINTIFF ANNIE ABRAM'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-49**

Document Ref: S2SMC-UWMUN-BMUHV-VZXED

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF ANNIE ABRAM'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-50**

Document Ref: S2SMC-UWMUN-BMUHV-VZXED

**Exhibit 25-51**

Jerold D. Friedman (CA SBN: 290434)
*jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.)<br>Related to Case No.: CV 21-09653-HDV (SKx.)<br><br>**PLAINTIFF JEFF FLEISS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

**PROPOUNDING PARTY:    FELIX RENTERIA, Defendant**
**RESPONDING PARTY:    JEFF FLEISS, Plaintiff**
**SET NUMBER:        One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

Page 1 of 30

**Exhibit 25-52**

Document Ref: BNPYJ-CU82N-UZ3FF-MSJUW

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF JEFF FLEISS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-53**

Document Ref: BNPYJ-CU82N-UZ3FF-MSJUW

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF JEFF FLEISS'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-54**

Document Ref: BNPYJ-CU82N-UZ3FF-MSJUW

**Exhibit 25-55**

Jerold D. Friedman (CA SBN: 290434)
*jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

THESE PONIES ARE MISERABLE, et al.,

Plaintiffs,

v.

CITY OF LOS ANGELES, et al.,

Defendants.

**Case No.:** 2:23-cv-8330-HDV (SKx.)
Related to Case No.: CV 21-09653-HDV (SKx.)

**PLAINTIFF MICHAEL HEGGER'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

PROPOUNDING PARTY:    **FELIX RENTERIA, Defendant**
RESPONDING PARTY:    **MICHAEL HEGGER, Plaintiff**
SET NUMBER:    **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

Page 1 of 26

**Exhibit 25-56**

Document Ref: V8LPV-W2CNO-LP3AM-FCRMH

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF MICHAEL HEGGER'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-57**

Document Ref: V8LPV-W2CNO-LP3AM-FCRMH

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

Responsive documents are being produced as Bates# PI1468.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF MICHAEL HEGGER'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-58**

Document Ref: V8LPV-W2CNO-LP3AM-FCRMH

**Exhibit 25-59**

Jerold D. Friedman (CA SBN: 290434)
*jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | **Case No.:** 2:23-cv-8330-HDV (SKx.) <br> Related to Case No.: CV 21-09653-HDV (SKx.) <br><br> **PLAINTIFF ALONDRA REVELES'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

**PROPOUNDING PARTY:**   **FELIX RENTERIA, Defendant**
**RESPONDING PARTY:**   **ALONDRA REVELES, Plaintiff**
**SET NUMBER:**   **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

PLAINTIFF ALONDRA REVELES'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-60**

Document Ref: HWERX-O3VRP-GKDIL-MPXTF

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF ALONDRA REVELES'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-61**

Document Ref: HWERX-O3VRP-GKDIL-MPXTF

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

Notwithstanding and without waiving the foregoing objections, responsive documents are being produced as Bates# PI1622, PI1623, PI1667, PP1438, PP1440.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF ALONDRA REVELES'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-62**

Document Ref: HWERX-O3VRP-GKDIL-MPXTF

**Exhibit 25-63**

Jerold D. Friedman (CA SBN: 290434)
  *jerry@lawofficejdf.com*
LAW OFFICE OF JEROLD D. FRIEDMAN
9620 S. Las Vegas Blvd. E4 #209
Las Vegas, NV 89123
(213) 536-1244

Attorney for Plaintiffs

U.S. DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA

| | |
|---|---|
| THESE PONIES ARE MISERABLE, et al., | **Case No.:** 2:23-cv-8330-HDV (SKx.) |
| Plaintiffs, | Related to Case No.: CV 21-09653-HDV (SKx.) |
| v. | **PLAINTIFF ARAMEH MIRZAKHANIAN'S RESPONSES TO DEFENDANT FELIX RENTERIA'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

PROPOUNDING PARTY:    **FELIX RENTERIA, Defendant**
RESPONDING PARTY:      **ARAMEH MIRZAKHANIAN, Plaintiff**
SET NUMBER:                   **One**

TO: Propounding Party and their Attorney of Record:

This Responding Party has not fully completed its investigation of the facts relating to this case nor fully completed its discovery in this action. All the following responses are based only upon such information and documents that are presently available to and specifically known to this Responding Party and/or its attorney and discloses only those contentions presently known.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish additions to, changes in and variations of the following responses.

Page 1 of 26

**Exhibit 25-64**

Document Ref: MONGE-QWK4J-HUCEE-OIYR2

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS related to or referring to the Pony Ride Protests.

**RESPONSE:** Objections: This request seeks documents protected by Attorney-Client and Attorney Work Product Privileges. This request is on its face vague (being unclear as to what is meant by "related to … PONY RIDES PROTESTS"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A). Moreover, it encompasses discovery related to experts (including but not limited to documents concerning non-witness consulting experts, and drafts with experts) that is not permissibly sought. FRCP 26(b)(4)(B) & 26(b)(4)(D). Even excluding protected expert material (and excluding objectionable attorney-client privileged communications and attorney work product), this request is overbroad as a classic, forbidden fishing expedition; on its face this request seeks documents (such as casual e-mail barely mentioning only the fact of a protest) disproportionate to the needs of the case that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request is also duplicative of documents encompassed by initial disclosure requirements and/or produced in response to other requests.

No documents are being produced in response to this request. Notwithstanding and without waiving the foregoing objections, Plaintiffs' initial disclosures and additional documents produced in responses to other document requests would be responsive this request, as would documents produced as expert discovery, particularly disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that were used at any and/or all Pony Ride Protests.

**RESPONSE:** Objections: This request is on its face vague (being unclear as to what is meant by "used at any and/or all"), and it does not describe items or categories of documents sought with reasonable particularity as required by FRCP 34(b)(1)(A).

Subject to and without waiving said objections, I interpret "used at any and/or all" to means documents that I used while participating at the Pony Ride Protests. I affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request. My inability to comply is because the

PLAINTIFF ARAMEH MIRZAKHANIAN'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-65**

Document Ref: MONGE-QWK4J-HUCEE-OIYR2

particular items are no longer in my possession, custody, or control, as I have discarded any posters and leaflets on or before the last protest against the Pony Ride Business.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any and/or all detentions and/or arrests at the Pony Ride Protests.

**RESPONSE:** Objections: This request is vague if "reflecting" is intended to encompass anything other than government-generated documents. If intended to encompass all non-privileged communications of Plaintiffs that refer to their detentions or arrests at the PONY RIDES PROTESTS, this request is duplicative of (being fully encompassed within) Request No. 5, in response to which some documents are being produced subject to objections stated in response thereto and incorporated herein by reference. Further, to the extent that this request seeks documents generated by Defendants in their detentions and arrests of Plaintiffs, these documents are obtainable from Defendants that is more convenient, less burdensome, or less expensive. Cal. Civ. Code § 2019.030.

No documents are being produced in response to this request as I was neither detained nor arrested.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting non-privileged communications Plaintiffs had regarding the Pony Ride Protests.

**RESPONSE:** Objections: If intended to encompass every communication Plaintiffs had with any other person that mentions Pony Ride Protests, including e-mail that does so only briefly and in passing, this request is overbroad and seeks documents disproportionate to the needs of the case that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving the foregoing objections, all requested non-privileged communications are being produced if (a) having been sent to or received from any persons, the communication describes any part of what happened at any of the PONY RIDES PROTESTS or if (b) the communication was sent between or among Plaintiffs.

PLAINTIFF ARAMEH MIRZAKHANIAN'S RESPONSES TO DEFENDANT FELIX RENTERIA'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

**Exhibit 25-66**

Document Ref: MONGE-QWK4J-HUCEE-OIYR2